UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN R. OLIVEROS,<br><br>               Petitioner,<br><br>v.<br><br>T. WENGLER, Warden, and<br>LAWRENCE WASDEN,<br><br>               Respondents. | Case No. 1:10-CV-00241-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court in this habeas corpus matter is Respondents' Motion for Summary Dismissal (Dkt. 12). Petitioner has filed a response (Dkt. 14) and a "Rebuttal" (Dkt. 16) to Respondents' Reply (Dkt.15). The Court finds that decisional process would not be aided by oral argument, and it will resolve this matter on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth below, the Court will grant Respondents' Motion, and this case will be dismissed.

## BACKGROUND

In 2005, Petitioner was indicted on one count of conspiracy to traffic heroin and one count of conspiracy to traffic cocaine. (State's Lodging A-1, pp. 6-11.) On the day of jury selection, Petitioner decided to plead guilty. (State's Lodging A-2, pp. 1-2.) The state

trial court accepted Petitioner's plea and sentenced him to two concurrent 25-year prison sentences, with the first 18 years fixed. (State's Lodging A-1, pp. 30-33.) On appeal, Petitioner argued only that his sentences were excessive, and the Idaho Court of Appeals affirmed the judgment of the district court. (State's Lodgings B-1, B-4.) The Idaho Supreme Court declined to review the case. (State's Lodging B-7.)

Petitioner next filed an application for post-conviction relief in state district court, claiming that he did not voluntarily enter his guilty plea because of his trial counsel's ineffectiveness. (State's Lodging C-1.) The district court appointed post-conviction counsel, who amended the petition and again raised claims of ineffective assistance of trial counsel. (State's Lodging C-16.) On February 20, 2009, the court dismissed the Amended Petition in written opinion without conducting an evidentiary hearing. (State's Lodging C-32.)

Four days before the expiration of the 42-day deadline to appeal, on March 31, 2009, post-conviction counsel mailed a copy of the opinion to Petitioner at an out of state prison. (State's Lodging C-33.) On April 13, 2009, after the expiration of the time to appeal, Petitioner submitted to the district court a pro se "Permission to File Late Appeal," in which he contended that he had not actually received the district court's order until 43 days after it was filed. (*Id*.) The trial court denied the motion, but Petitioner's Notice of Appeal was nonetheless filed and the trial court appointed the State Appellate Public Defender to assist him in attempting to perfect the appeal. (State's Lodging C-34; State's Lodging C-35, p. 3.)

ORDER - 2

The Idaho Supreme Court thereafter issued an order conditionally dismissing the appeal, but it gave Petitioner an opportunity to demonstrate that it was timely. (State's Lodging D-1.) With the assistance of counsel, Petitioner responded to the order by showing that he mailed his Notice of Appeal on April 9, 2009, which was 48 days after the trial court's opinion was filed, but he did not provide any other reason for its untimeliness. (State's Lodging D-2.) The Idaho Supreme Court dismissed the appeal. (State's Lodging D-3.)

On August 11, 2009, Petitioner filed a "Motion for Rule 60(b)" in the state district court, requesting that the district court re-enter the judgment so that he could file a timely appeal. (State's Lodging C-38.) The trial court denied the Motion, and the Idaho Supreme Court dismissed Petitioner's attempt to appeal from that order after concluding that it was not "a final, appealable Order or Judgment." (State's Lodgings E-1, E-2, E-3, E-4.)

Petitioner came to federal court with his Petition for Writ of Habeas Corpus in this Court on May 12, 2010, alleging again that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel because his counsel pressured and threatened him to plead guilty, and because his counsel suffered from a conflict of interest.[1] United States Magistrate Judge Mikel H. Williams conducted an initial review of the Petition, noting that "Petitioner admits that as a result of the dismissal of his post-conviction appeal, he has not presented his Sixth Amendment claims in the Idaho

---

[1] Petitioner's also lists a "new" claim, in which he alleges ineffective assistance of counsel in the post-conviction matter, but this claim does not provide an independent basis for relief in federal habeas. 28 U.S.C. § 2254(I); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

**ORDER - 3**

Supreme Court, and that he 'fully intends to present documents (evidence) to support his right to a late appeal and for this court's purposes of exhaustion.'" (Dkt. 6, p. 2.) Judge Williams indicated that, based on the limited information available to him, he was unable to conclusively resolve the exhaustion issue, and the Petition was served on Respondents. (*Id.*)

Respondents have since filed a Motion for Summary Dismissal, arguing that the Idaho Supreme Court's dismissal of Petitioner's claims of ineffective assistance of counsel rest on independent and adequate state law grounds, and that Petitioner's claims must be dismissed as procedurally defaulted in this proceeding. (Dkt. 12.) The case has been reassigned to the undersigned District Judge based on the parties' lack of consent to a magistrate judge exercising full jurisdiction. (Dkt. 17.) The Court has reviewed the parties' arguments, and is now prepared to issue its ruling.

## STANDARD OF LAW

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it

ORDER - 4

because of the state's procedural rules, the claim is said to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also procedurally defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner can establish "cause" for his default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750.

## DISCUSSION

Petitioner does not dispute that the Idaho Supreme Court dismissed his appeal as untimely and never reached the merits of his Sixth Amendment claims. Under Idaho law, the filing of a timely notice of appeal is a jurisdictional requirement, and an untimely notice of appeal "causes dismissal of an appeal." *Weller v. State*, 200 P.3d 1201, 1202 (Idaho Ct. App. 2008); *Twin Falls Cnty. v. Coates*, 80 P.3d 1043, 1045 (Idaho 2003). Petitioner has not questioned whether the state courts fail to follow this rule regularly such that it could be deemed inadequate to bar federal review. *See, e.g., Beard v. Kindler*, 130 S.Ct. 612, 617 (2009) (noting that an "adequate" state procedural ground is one that is "firmly established and regularly followed"). He instead claims that his post-conviction counsel's failure to give him sufficient notice of the state district court's opinion was the reason that he did not comply with the appellate deadline and that he otherwise diligently

ORDER - 5

attempted to get his claims before the Idaho appellate courts. In other words, Petitioner argues that his counsel is the cause for his default.

A criminal defendant generally bears the risk of attorney error, and only a violation of the defendant's constitutional right to the effective assistance of counsel will be attributable to the state and potentially serve as a cause to excuse a defaulted habeas claim. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). There is no constitutional right to the effective assistance of counsel in a state post-conviction matter, and a federal habeas petitioner cannot overcome a procedural default by claiming that his post-conviction counsel erred. *Coleman v. Thompson*, 501 U.S. 722, 754 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). The result in *Coleman* controls this case. The petitioner there, like here, failed to properly exhaust claims of ineffective assistance of trial counsel primarily because his post-conviction counsel filed an untimely notice of appeal, and the Supreme Court found that post-conviction counsel's actions would not constitute "cause" to excuse the default. *Coleman*, 501 U.S. at 727, 752-55.

The Court alternatively concludes that it plainly appears that Petitioner would be unable to establish that he is entitled to relief on the merits. *See* Rule 4 of the Rules Governing Section 2254 Cases (allowing summary dismissal when it plainly appears that the petitioner will not be entitled to relief); *see also Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) (holding courts can go directly to the merits if that is the easier course).

This case is governed by the provisions of the Antiterrorism and Effective Death

Penalty Act (AEDPA). Under AEDPA, the Court cannot grant habeas relief on any federal claim that the state court adjudicated on the merits unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Petitioner claims that his decision to enter a guilty plea was not knowing or voluntary "due to threats and pressure from trial counsel to plead guilty." (Dkt. 3, p. 2.) He also claims that trial counsel had a conflict of interest and "abandoned his duty of loyalty to his client." (*Id.*) The state district court issued an extensive written opinion when it denied Petitioner's Amended Petition for Post-Conviction Relief. (State's Lodging C-32, pp. 1-15.) This Court has reviewed that decision and finds that the state court's adjudication of Petitioner's claims was not contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991) (holding that a federal court must review the last reasoned state court decision).

The state court set out the correct legal standards from *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). (State's Lodging C-32,

**ORDER - 7**

p. 4.) It indicated that, to prevail, Petitioner was required to prove that his trial counsel's representation fell below an objective standard of reasonableness and that the defense was prejudiced as a result. (*Id.*) The court further recognized that, for a guilty plea to be valid, it must be "made voluntarily, knowingly, and intelligently." (*Id.* at 7.)

In applying those standards to Petitioner's claim of coercion, the state court found that Petitioner had not shown the type of coercion or threats that would be constitutionally intolerable. (State's Lodging C-32, p. 8.) Instead, the court noted that the State's intent to subpoena Petitioner's wife, and Petitioner's decision not to accept a plea deal in exchange for his testimony against his co-defendants out of fear for his family's safety, did not show wrongdoing by the State or Petitioner's counsel. (*Id.*)

This Court agrees that the difficult choices facing Petitioner from a predicament of his own making—or counsel's unvarnished advice about his prospects—do not amount to coercion, threats, or duress that would render his plea involuntary. The record of the change of plea hearing also squarely refutes this claim, where the trial court extensively questioned Petitioner, who testified that he was not pleading guilty because of threats but because he thought he was guilty. (State's Lodging A-2, pp. 8, 10.) Trial counsel submitted an affidavit in the post-conviction matter in which he claimed that he was willing to go trial and that he advised Petitioner that there was "no discernable advantage" to pleading guilty on the day of trial, except that he could argue that Petitioner was taking responsibility for his actions. (State's Lodging C-28, p. 2.) For these reasons, the state court's decision was not unreasonable.

**ORDER - 8**

While Petitioner alleged in his original Petition for Post-Conviction Relief that his trial counsel had a "conflict of interest" as "shown throughout the entirety of Petitioner's case," he did not provide factual support for the supposed conflict other than allegations of counsel's supposed abandonment, badgering, and threats. (State's Lodging C-1, pp. 3-4.) More importantly, he did not include a conflict of interest claim in his Amended Petition, which was the operative pleading, and the state district court never addressed whether trial counsel had a conflict of interest. (State's Lodging C-32.) Therefore, the claim was neither raised nor supported in the state district court, and it will not be addressed here beyond a brief comment that Petitioner has offered no factual allegations, and the record discloses none, that would tend to show that trial counsel was actively representing conflicting interests. *Mickens v. Taylor*, 535 U.S. 162, 171, 172 (2002).

Accordingly, Respondents' Motion for Summary Dismissal will be granted, and the Petition will be dismissed because the claims are both procedurally defaulted and without merit.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court on its own initiative has evaluated this case for suitability of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by

demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

This Court does not believe that reasonable jurists would debate its determination that Petitioner's claims are procedurally defaulted or, alternatively, that Petitioner would not be able to show that the state court's adjudication of his constitutional claims was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence presented. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

## ORDER

IT IS ORDERED:

1. Respondents' Motion for Summary Dismissal (Dkt. 12) is GRANTED.
2. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

       DATED:  **March 4, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 11**